# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| PRO LENS PROJECTS LLC | ) |
| | ) CIVIL ACTION NO. 7:21-cv-00090 |
| v. | ) NON-JURY ) |
| NASC INC. | ) |

## PLAINTIFF PRO LENS PROJECTS LLC'S COMPLAINT TO DEFENDANT NASC INC.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Pro Lens Projects LLC and files this Complaint against Defendant NASC Inc., and for its causes of action, would respectfully show this Court as follows:

## PARTIES

1. Plaintiff Pro Lens Projects LLC ("Pro Lens") is a foreign limited liability company with its principal place of business at P.C. 130, Al Azaiba, Al Khuwair, Muscat, Sultanate of Oman.

2. Defendant NASC Inc. ("NASC"), upon information and belief, is a corporation with its principal place of business at 5515 South County Road 1226, Midland, Texas 79701. NASC engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute. NASC may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701. Pro Lens requests that a Summons be issued to NASC to allow for service of process.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C § 1332(a)(2) because the suit is between a citizen of Texas and a citizen of a foreign state and the amount in controversy exceeds $75,000, excluding interests and costs.

4. Venue is appropriate pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTS

5. As confirmed by the purchase order dated January 6, 2020, Pro Lens and NASC entered into a contract by which Pro Lens purchased from NASC a refurbished nitrogen pumper bearing VIN 1A9L740278A245454 (the "Pumper"). A copy of the purchase order is attached as Exhibit A.

6. During the sales negotiations, Pro Lens represented that it was purchasing the Pumper for its ordinary purpose, and NASC represented that the Pumper was fully refurbished and in good working condition. Pro Lens also paid NASC to have a third-party inspection of the Pumper performed to confirm NASC's representations. In response, NASC provided a purported certificate of inspection from Krawford Inc. Upon information about belief, Krawford Inc. is a DBA of NASC. A copy of the purported third-party certificate of inspection is attached as Exhibit B.

7. Relying on the Parties' respective representations and the results of the alleged third-party inspection, Pro Lens purchased the Pumper for $210,000.000 and paid NASC an additional $10,902.000 to deliver it.

8. Pro Lens received the Pumper on October 26, 2020, and discovered that it did not satisfy the terms of the Parties' agreement. In particular, the Pumper was missing several critical components (a water circulating pump, a water break, the engine computer, two quick prime to

atmosphere fittings, an N2 discharge valve, and an operating manual) and had a broken engine block, damaged crankshaft, and faulty piston. Pictures depicting the Pumper's defects are attached as Exhibit C.

9. On October 29, 2020, Pro Lens notified NASC that the Pumper did not satisfy the terms of the Parties' agreement. On November 11, 2020, NASC assured Pro Lens that it would "make this situation right" and proceeded to string Pro Lens along with promises of furnishing a replacement pumper. Six months have passed and NASC has neither replaced the defective pumper nor provided any refund or replacement parts.

10. Between March 12 and April 5, 2021, undersigned counsel for Pro Lens presented this claim to NASC multiple times and demanded payment. NASC has not responded to those demands.

11. All conditions precedent have been performed or have occurred.

## CAUSES OF ACTION

12. <u>Breach of Contract:</u> Because the Pumper did not conform to the Parties' specifications, NASC breached its agreement with Pro Lens. Despite demand by Pro Lens, NASC has not remedied its breach and Pro Lens incurred monetary damages as a result of that breach.

13. <u>Breach of Warranty:</u> Pleading in the alternative, the Pumper sold to Pro Lens was not as it had been represented and warranted by NASC. Despite demand by Pro Lens, NASC has not remedied its breach of warranty. As a result, Pro Lens has been damaged monetarily by NASC's breach of warranty.

## DAMAGES

14. As a result of NASC's breach of contract or, alternatively, breach of warranty, as set forth above, Pro Lens has sustained financial harm because the Pumper did not conform to

the Parties' specifications. Pro Lens is, therefore, entitled to recover from NASC the purchase and shipping price of the Pumper, totaling $220,902. Although Pro Lens has presented a claim for the amount due from NASC's breach of contract and demanded payment, NASC has refused to honor the claim and pay the just amount due to Pro Lens. Pro Lens asks for judgment against NASC for that amount.

15. In reliance upon the Pumper meeting the specifications agreed to by the Parties, Pro Lens accepted engagements to perform nitrogen pumping services. Because the Pumper did not conform to the Parties' specifications, Pro Lens was unable to complete these engagements. Pro Lens is, therefore, entitled to recover from NASC the lost profits of these engagements, estimated to total $1.5 Million.

16. Pro Lens is entitled to recover reasonable attorneys' fees because this is a claim on a written contract within the meaning of Section 38.001 of the Texas Civil Practice and Remedies Code and the requirements of Section 38.002 have been met. As a result, Pro Lens has been required to retain the services of counsel to prosecute this action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Pro Lens Projects LLC prays that Defendant NASC Inc. be cited to appear and answer herein and for further relief set forth below:

(1) That judgment be rendered against NASC for Pro Lens' damages for the purchase and shipping price of the Pumper, totaling $220,902;

(2) For lost profits damages totaling $1.5 Million;

(3) For attorneys' fees and expenses;

(4) For court costs;

(5) For prejudgment and post-judgment interest on all of the foregoing to the maximum extent allowable under Texas law; and

(6) For all other relief to which Plaintiff Pro Lens Projects LLC may be justly entitled.

Respectfully submitted,

<u>/s/ Stephanie A. Rzepka</u>
Stephanie A. Rzepka
Texas State Bar No. 24102442
TUCKER ELLIS LLP
2802 Timmons Lane
P.O. Box 27509
Houston, Texas 77027
281.657.0723 (telephone)
281.657.0739 (fax)
stephanie.rzepka@tuckerellis.com

*Attorney for Plaintiff Pro Lens Projects LLC*

# Exhibit A



**NASC Inc**
4 Main St.
Kingston NH 03848

| Invoice | 200106 | P.O. |
|---|---|---|

| Buyer: | Ship To: |
|---|---|
| Pro Lens Projects L.L.C.<br> P.O.Box: 110, P.C: 130,<br>Al Uzaibah, Al Khuwair, Muscat<br>Oman<br>SULTANATE OF | Pro Lens Projects L.L.C.<br> P.O.Box: 110, P.C: 130,<br>Al Uzaibah, Al Khuwair, Muscat,<br>Sultanate of Oman |

| Date | Shipping | Ship Date | FOB |
|---|---|---|---|
| 01/06/20 | RORO Shippment | 01/06/20 | Houston, Tx |

| Description | Qnt. | Rate | Amount |
|---|---|---|---|
| Trailer mounted, NOV Hydra Rig nitrogen Pumping unit,<br>W/ Detroit Series 60 14.0 L,665 Hp, CS&P Triplex Pump.Hyd Driven,3000 Gal Ln2 Tank.<br>Operator Cab with AC/ Heat, Fuel Capacity: 200 Us Gallons.<br>N2 Unit 5454.- Refurbished in 2019<br>3rd Party inspection Prior to shipping | 1 | 210,000.00 | 210,000.00 |
| SHIPPING - RoRo Shipping to  Sohar , Oman | 1 | 10,902.00 | 10,902.00 |

Price is Ex works Brentwood , NH yard,
Equipment MFG:  HYDRA RIG,
Equipment is Made in U.S.A
Country of end Destination: OMAN

Terms of Payment : 10% with order ,  Balance prior to release of equipment.

------------- BANK DETAILS -------------
Bank Name: Service Credit Union
Bank Address: 3003 Lafayette Road, Portsmouth, NH 03801
ABA # 211489656 | Account # 27614369
Account Name: NE AUTOMATION LLC
Account address, 4 Main St. Kingston, NH 03848
IBAN DE31540300110027614369
SWIFT code: SCRUDE51
Memo: Invoice Number

**Billing Address:   4 Main St. Kiston, NH 03848**
**Email:  Accounting@RigsMarket.com**

 Signature: _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| Subtotal | $220,902.00 |
|---|---|
| Payments/Credits | $-120,951.00 |
| Balance Due | $99,951.00 |

PRO LENS000001

**Exhibit B**



Engineering@ Krawfordinc.Com
Sales@Krawfordinc.Com
HQ Princeton NJ 08541
www.KrawfordInc.com

5/21/19

# CERTIFICATE

THIS LETTER CERTIFIES THAT THE EQUIPMENT WITH VIN: 1A9L740278A245454  WAS NEVER USED AND CONTAINS A NEW 2000USGL TANK , THAT IS CERTIFIED TO NOT CONTAIN ANY FLUIDS OR HAZARDOUS MATERIALS. THE TANK WAS STEAM CLEANED PRIOR TO BEING RELEASED FOR SHIPPING TO THE PORT.

ANY QUESTIONS PLEASE CONTACT US

Greg R.

Managing Director

Krawford Inc.

Houston, TX

PRO LENS000002

**Exhibit C**








PRO LENS000006





PRO LENS000008


PRO LENS000009



PRO LENS000010



